JOHN M. MCCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
LORRAINE B. ECHAVARRIA, Cal. Bar No. 191860
E-mail: echavarrial@sec.gov
WILLIAM G. BERRY, Cal. Bar No. 206348
E-mail: berryw@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HIGH PARK INVESTMENT GROUP, INC., a Nevada corporation, HARBOR FINANCIAL INVESTMENT GROUP, INC., a Nevada corporation, EDWARD R. SHOWALTER,<br><br>　　　　Defendants. | Case No. SACV05-1090 CJC (MLGx)<br><br>**[PROPOSED]** ORDER RE: MODIFIED PRELIMINARY INJUNCTION |

　　　　This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") Application For Limited Relief From Stay For Modification Of Preliminary Injunction and Entry Of Final Judgment Against High Park Investment Group and Harbor Financial Investment Group (the "Application").

　　　　The Court, having considered the Commission's Application, the supporting Memorandum of Points and Authorities, Declaration and Exhibits, and all other

evidence and argument presented regarding the Application, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    The Commission filed an *Ex Parte* Application For A Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver; (3) Repatriating Assets Of High Park Investment Group, Inc. And Harbor Financial Investment Group, Inc.; (4) Prohibiting The Destruction Of Documents; (5) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "TRO Application").

    C.    On November 9, 2005, the Court granted a temporary restraining order and orders freezing assets, appointing a temporary receiver, repatriating assets, prohibiting the destruction of documents, and granting expedited discovery (the "November 9, 2005 TRO Order").

    D.    As part of its November 9, 2005 TRO Order, the Court found good cause exists to believe that defendants High Park, Harbor Financial, and Showalter and each of them have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b 5 thereunder, 17 C.F.R.

    E.    As part of its November 9, 2005 TRO Order, the Court also found, among other things, that the Commission has demonstrated a probability of success on the merits; that there is the possibility of dissipation of assets; and that the defendants High Park, Harbor Financial, and Showalter will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the

1

|   |   |   |
|---|---|---|
| 1 |    | general public unless they are restrained and enjoined. |
| 2 | F. | The Court set a hearing for December 16, 2005, at 3:30 p.m. and |
| 3 |    | ordered defendants High Park, Harbor Financial, and Showalter to |
| 4 |    | appear to show cause, if there be any, why a preliminary injunction |
| 5 |    | should not be granted in accordance with the prayer for relief |
| 6 |    | contained in the Complaint filed by the Commission. |
| 7 | G. | As part of its November 9, 2005 TRO Order, the Court also appointed |
| 8 |    | Robb Evans & Associates LLC as the temporary receiver over |
| 9 |    | Defendants High Park and Harbor Financial. |
| 10 | H. | Pursuant to a stipulation by the parties, the Court appointed Robb |
| 11 |    | Evans & Associates LLC as the permanent receiver on December 13, |
| 12 |    | 2005 and issued a preliminary injunction against Showalter, High |
| 13 |    | Park, and Harbor Financial. |
| 14 | I. | On January 11, 2007, the Court entered judgments against High Park |
| 15 |    | and Harbor Financial, permanently enjoining them from Sections 5(a), |
| 16 |    | 5(c), and 17(a) of the Securities Act, 15 U.S.C. §§ 77e and 77q, and |
| 17 |    | Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 |
| 18 |    | promulgated thereunder, 17 C.F.R. § 240.10b-5. |
| 19 | J. | On February 26, 2007, the Court discharged Robb Evans & Associates |
| 20 |    | LLC of its duties as receiver. |
| 21 | K. | Defendant Showalter does not oppose the Commission's Application |
| 22 |    | for the following order: |

**ORDER**

The Court, having considered the Commission's Application, the supporting memoranda of points and authorities, declaration and exhibits, and all other evidence and argument presented regarding the Application, and finding that Court has jurisdiction over the parties to, and the subject matter of, this action, that the Commission has demonstrated a probability of success on the merits and a

possibility of dissipation of assets in this case, IT IS HEREBY ORDERED, for good cause shown, as follows:

### I.

IT IS ORDERED that the Commission's request for a modified preliminary injunction and orders: (1) Freezing Assets; and (2) Prohibiting the Destruction of Documents is hereby GRANTED.

### II.

IT IS FURTHER ORDERED that defendant Showalter, and his agents, trustees, servants, employees, attorneys, accountants, and affiliates, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy any security, or carrying or causing any security to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, unless a registration statement is in effect as to such security, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

### III.

IT IS FURTHER ORDERED that defendant Showalter, and his agents, trustees, servants, employees, attorneys, accountants, and affiliates, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

  B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that defendant Showalter, and his agents, trustees, servants, employees, attorneys, accountants, and affiliates, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  A. employing any device, scheme or artifice to defraud;

  B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C. engaging in any practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b 5 thereunder, 17 C.F.R. § 240.10b 5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants High Park, Harbor Financial, and Showalter, and their officers,

agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, negotiable instruments, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of defendants High Park, Harbor Financial, and Showalter, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or credit arrangement, of defendants High Park, Harbor Financial, and Showalter.

## VI.

IT IS FURTHER ORDERED that except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution, or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which signatory authority is held by High Park, Harbor Financial, Showalter, or any trust, partnership, joint venture, person or entity affiliated with any of the defendants, including, but not limited to, the accounts set forth below:

//
//
//

| Bank Name | Account Name | Account No(s). |
|---|---|---|
| Washington Mutual Bank | High Park Investment Group, Inc. | 098 104768 4<br>098 104767 5<br>098 104767 6<br>098 104769 2 |
| Washington Mutual Bank | Harbor Financial Investment Group, Inc. | 098 499206 3 |
| Wells Fargo Bank | Edward R. Showalter | 874 3112297 |
| Wells Fargo Bank | International Financial Group, Inc., dba IFG Goldstar Cement Co. | 201 8218651<br>201 8218404 |

## VII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of High Park or Harbor Financial, or their subsidiaries or affiliates, shall take any action or purport to take any action, in the name of or on behalf of High Park or Harbor Financial, or any of their subsidiaries and affiliates, without the written consent of the permanent receiver or order of this Court.

## VIII.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of High Park, Harbor Financial, and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets, negotiable instruments, and collateral, wherever located.

## IX.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants High Park, Harbor Financial, and Showalter, and their officers,

1 agents, servants, employees, attorneys, subsidiaries, and affiliates, and those
2 persons in active concert or participation with any of them, who receive actual
3 notice of this Order, by personal service or otherwise, and each of them, be and
4 hereby are preliminarily restrained and enjoined from, directly or indirectly:
5 destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,
6 in any manner, any documents, which includes all books, records, computer
7 programs, computer files, computer printouts, correspondence, memoranda,
8 brochures, or any other documents of any kind in their possession, custody, or
9 control, however created, produced, or stored (manually, mechanically,
10 electronically, or otherwise), pertaining in any manner to defendants High Park,
11 Harbor Financial, and Showalter.

## X.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: October 20, 2008        _____

UNITED STATES DISTRICT JUDGE